## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | CRIMINAL NO. 06-21-P-H |
| | ) | |
| **MARCUS BROOKS,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## ORDER ON DISPUTED LEGAL ISSUE CONCERNING SENTENCING

I held a presentence conference on July 14, 2006. At that conference, the lawyers agreed that I should decide a legal issue—whether the defendant is an Armed Career Offender under 18 U.S.C. § 924(e) (2000)—based solely upon their respective legal memoranda, since there is no factual dispute. The question is whether this defendant has the necessary three previous violent felony convictions.

The defendant concedes that he has two qualifying previous convictions for a 1983 burglary in the second degree and a 1986 robbery in the first degree. Def.'s Sentencing Mem. at 1-2 (Docket Item 32).

He also concedes that he has two previous state convictions for escape in the first degree in 1983 and 1988. Id. at 4. But he denies that either conviction qualifies as a "violent felony" under section 924(e)(1). Id. The parties agree that

the pertinent test is whether either conviction "involves conduct that presents a serious potential risk of physical injury to another . . . ."  18 U.S.C. § 924(e)(2)(B)(ii).

The First Circuit has declared as recently as 2004 that escape is categorically a violent felony, regardless of the particular circumstances.  United States v. Winn, 364 F.3d 7, 12 (1st Cir. 2004).  Thus, the defendant's contention that all he did was walk away from a prison camp or labor camp is insufficient to avoid counting these two convictions.  I note the defendant's preference for the Ninth Circuit's approach in United States v. Piccolo, 441 F.3d 1084, 1089-90 (9th Cir. 2006) (modified categorical approach).  But any adoption of a change in the First Circuit's analysis is for the Circuit, not for this sentencing court.

Consequently, I conclude that the defendant has the three qualifying convictions to make him an Armed Career Offender.

The Clerk's Office shall schedule this matter for sentencing.

**SO ORDERED.**

**DATED THIS 18TH DAY OF JULY, 2006**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**